UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL N. RICH, JR.,

                        Plaintiff,

v.                                      **DECISION AND ORDER**
                                                08-CV-510S

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

       1.       In this social security appeal, filed on July 9, 2008, pro se Plaintiff Michael N. Rich, Jr. challenges the Administrative Law Judge's ("ALJ") determination that his onset of disability date was October 1, 2006, rather than a date in June 2004. The ALJ's decision was otherwise favorable; the ALJ granted Plaintiff's application for benefits. (R. at 11-16.[1])

       2.       On December 29, 2008, Defendant filed a Motion for Judgment on the Pleadings, arguing that (1) this Court lacks subject-matter jurisdiction to review Plaintiff's appeal, and (2) Plaintiff knowingly amended his disability onset date. Briefing concluded on February 19, 2009, at which time this Court took Defendant's motion under advisement without oral argument.[2] For the reasons stated below, Defendant's motion is granted.

---

[1] Referring to the Administrative Record, filed at docket numbers 6 and 7.

[2] The documents relevant to Defendant's motion are at docket numbers 11, 12, 13, and 15.

1

3. Defendant is correct that subject-matter jurisdiction may be lacking. This Court has jurisdiction to review the "final decision of the Commissioner made after a hearing," 42 U.S.C. § 405(g), but the Second Circuit has suggested that jurisdiction under § 405(g) extends only to *unfavorable* decisions by the Commissioner, see Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983) (noting the rule that "judicial review of favorable decisions is generally unavailable"); Jones v. Califano, 576 F.2d 12, 18 (2d Cir. 1978) ("Section 405(g) assumes as a condition for judicial review that the determination by the Secretary after a § 405(b) hearing will be adverse to the claimant of benefits. It makes no provision for judicial review of a determination favorable to the complainant."). Here, the ALJ's overall decision was favorable; Plaintiff's application for benefits was granted. Nonetheless, considered broadly, Plaintiff's pro se complaint can be viewed as challenging the Commissioner's unfavorable determination of his disability onset date. On this basis, this Court assumes the existence of subject-matter jurisdiction.

4. On the merits, Plaintiff's claim is that he did not knowingly change his disability onset date, and that the ALJ erred by changing the date from June 2004 to October 1, 2006. The record, however, demonstrates that Plaintiff fully consented to the change in his disability onset date, and that there was cause for the change. First, the record establishes that Plaintiff was able to work before October 1, 2006, as evidenced by Plaintiff's receipt of unemployment benefits, which requires an ability to work. (R. at 39-40, 43-44, 166-67.) Second, Plaintiff admits that he was advised that his receipt of workers' compensation benefits through October 1, 2006, would serve as an offset to any award of benefits dating back to June 2004. See 20 C.F.R. § 404.408(a)(2) (benefits are offset by a claimant's receipt of workers' compensation benefits). Finally, the record establishes that the ALJ confirmed with Plaintiff, both orally and in writing, that he was knowingly changing his onset date and understood what that meant. (R. at 83-84, 128.)

5. Accordingly, for the foregoing reasons, this Court finds that the ALJ's determination of Plaintiff's disability onset date is supported by substantial evidence and is free from legal error. See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the evidence in the record). Defendant's Motion for Judgment on the Pleadings is therefore granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 6, 2009
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge